UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**RAMONA FARAH,**

                            **Plaintiff,**                      Case No. 15-cv-6226

                     -against-

**RIVER VALLEY CARE CENTER, INC.,**        **COMPLAINT**
                                                                                       Jury Trial Demanded

                            **Defendant.**
------------------------------------------------------------------------x

       Plaintiff, by her attorneys, Tuckner, Sipser, Weinstock & Sipser, LLP, respectfully complains as follows:

## PRELIMINARY STATEMENT

1. This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII"), as well as under Article 15 of the New York State Executive Law §§290 *et seq*. ("NYS Human Rights Law"), seeking declaratory relief and economic damages to redress the harms and losses Plaintiff has suffered as a result of being discriminated against by Defendant on the basis of her sex, pregnancy, and disability and/or perceived disability.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this case arises under federal law, specifically Title VII, and the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state claims arising out of the same controversy under the NYS Human Rights Law.

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) as the events giving rise to the claim occurred within Dutchess County, NY.

## PARTIES

4. Plaintiff Ramona Farah is a natural person and a NY state resident.

5. Defendant River Valley Care Center, Inc. ("Defendant" or "River Valley") is a corporation with a principal place of business in New York, and it is an "Employer" as provided and defined under Title VII and the NYS Human Rights Law.

## PROCEDURAL PREREQUISITES

6. Plaintiff filed charges of employment discrimination against Defendant with the US Equal Employment Opportunity Commission's ("EEOC").

7. On or about March 25, 2015, the EEOC issued a "reasonable cause" finding in favor of Plaintiff regarding her claims of sex discrimination.

8. Plaintiff subsequently received a "Notice of Suit Rights" from the EEOC, dated May 13, 2015 with respect to her charges of discrimination and retaliation, entitling her to commence a civil action under Title VII within 90 days of her receipt of the notice.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant in October 2009 as a certified nursing assistant.

10. Throughout her years of employment with Defendant, Plaintiff was a dedicated employee who fully performed the duties of her job.

11.     However, upon informing Defendant of her pregnant status, Plaintiff was subjected to unlawful employment practices.

12.     In or about February 2012, Plaintiff became pregnant with her second child.

13.     Plaintiff's pregnancy was considered "high risk" due to her age.

14.     Therefore, Plaintiff was restricted by her doctor to light duty and prohibited from heavy lifting in excess of 20 pounds.

15.     Plaintiff informed the Director of Nursing at the time, Mary Lou Riefenhauser, of this reasonable accommodation request of her pregnancy-related physical limitations.

16.     River Valley initially granted Plaintiff's light duty request in early March 2012.

17.     Yet, one month later Defendant improperly rescinded its accommodation for Plaintiff, claiming it was no longer available, and placed her back on regular duty.

18.     Due to her high-risk pregnancy and accompanying medical complications, Plaintiff began to suffer adverse health effects upon resuming regular duty.

19.     Plaintiff suffered from dizziness, lightheadedness, and erratic blood pressure.

20.     Plaintiff's doctor urgently advised her to resume light duty to protect her health and the health of her unborn child.

21.     Plaintiff notified Defendant of this fact and requested a return to light duty.

22.     Yet, Defendant discriminated against Plaintiff by refusing this light duty request.

23. While improperly denying this reasonable accommodation to Plaintiff, Defendant made light duty available to other non-pregnant employees with similar impairments.

24. Plaintiff's coworker, Barbara Jenkins, offered to temporarily trade her position in medical transport with Plaintiff, as Jenkins' job did not involve heavy lifting.

25. In yet a further discriminatory act, Defendant denied this request for a reasonable accommodation of Plaintiff's pregnancy-related limiting condition.

26. Likewise, Defendant denied Plaintiff the opportunity to take a medical leave of absence and instead illegally terminated her employment on or about April 16, 2012.

27. Plaintiff was terminated because of her sex, pregnancy, and disability and/or perceived disability.

**FIRST CAUSE OF ACTION**
**(Discrimination under Title VII)**

28. Title VII, at 42 U.S.C. § 2000e–2(a), provides that it shall be an unlawful employment practice for an employer:

> (1) to discharge any individual, or otherwise discriminate against any individual … because of such individual's ... sex ...

29. The Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA") further provides that

> The terms "because of sex" or "on the basis of sex" include … pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes … as other persons not so affected but similar in their ability or inability to work

4

30. By reason of the foregoing allegations, Defendant engaged in an unlawful employment practice prohibited by Title VII, as amended by the PDA, by discriminating against and discharging Plaintiff, and treating her differently from non-pregnant employees who were similarly limited in their abilities, because of her sex and pregnancy.

## SECOND CAUSE OF ACTION
### (Discrimination under the NYS Human Rights Law)

31. The NYS Human Rights Law, § 296(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer … because of an individual's … sex … to discharge from employment such individual or to discriminate against such individual in … terms, conditions or privileges of employment.

32. By reason of the foregoing allegations, Defendant engaged in an unlawful discriminatory practice in violation of the NYS Human Rights Law by discriminating against Plaintiff her based on her sex and terminating her employment.

## THIRD CAUSE OF ACTION
### (Discrimination under the NYS Human Rights Law)

33. The NYS Human Rights Law, §296(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer … because of an individual's … disability … to bar or discharge from employment such individual or to discriminate against such individual in … terms, conditions or privileges of employment.

34. By reason of the foregoing, Defendant engaged in an unlawful discriminatory practice in violation of the NYS Human Rights Law, by terminating and otherwise discriminating against Plaintiff based on her disability and/or perceived disability.

## HARMS AND LOSSES

35. As a result of Defendant's unlawful discriminatory employment practices, Plaintiff has suffered harm to her reputation, extreme emotional distress, loss of income and benefits, and ongoing mental pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII and the NYS Human Rights Law, by discriminating against Plaintiff as a result of her protected statuses and activities;

B. Making Plaintiff "whole" for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff attorneys' fees, costs and expenses incurred in the prosecution of the action;

E. Awarding Plaintiff punitive damages;

F.	Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper, to remedy Defendant's unlawful employment practices.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated:	New York, NY
	August 7, 2015

**Tuckner, Sipser, Weinstock & Sipser, LLP**

By: /s/ William J. Sipser
 William J. Sipser (WS 1781)
 Attorneys for Plaintiff
 120 Broadway, 18th Floor
 New York, NY 10271
 212.766.9100
 www.womensrightsny.com